Schweizer v Anderson-Gomez (2026 NY Slip Op 50166(U))

[*1]

Schweizer v Anderson-Gomez

2026 NY Slip Op 50166(U)

Decided on February 18, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571461/25

William Schweizer III Trustee, U/W William Schweizer a/k/a William E. Schweizer dated January 24, 1998, Petitioner-Landlord-Appellant, 
againstKay Anderson-Gomez a/k/a Bianka Gomez, Respondent-Tenant-Respondent, and "John Doe," "Jane Doe," Respondents-Undertenants.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Alberto M. Gonzalez, J.), entered on or about June 28, 2024, after inquest, which dismissed the petition in a holdover summary proceeding.

Per Curiam.
Order (Alberto M. Gonzalez, J.), entered on or about June 28, 2024, reversed, without costs, petition reinstated, and matter remanded for a new inquest.
The inquest court should not have dismissed the holdover petition. Having defaulted, respondents are deemed to have admitted all traversable allegations in the petition (AFF-WHGA MN-11E, LP v Wiggins, 87 Misc 3d 129 [A], 2025 NY Slip Op 51593[U] [App Term, 1st Dept 2025]). The dismissal order, premised upon grounds not raised at the inquest, such as discrepancies in the name of the nonappearing tenant in various documents, deprived landlord of notice and an opportunity to be heard (see Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Since landlord was not offered an opportunity to explain the discrepancies, we remand for a new inquest. We also take judicial notice of undertenants deposition testimony (NYSCEF Doc. No. 30; see Juman v Cape Church Assoc., LLC, 234 AD3d 551, 552 [2025]), explaining that tenant was known as both Bianca Gomez and Kay Gomez.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 18, 2026